IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10110
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHN EUBANKS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-84-2-Y
- - - - - - - - - -
October 21, 1997
Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    John Eubanks appeals his sentence for bank theft, see 18
U.S.C. §§ 2, 2113(b), by arguing that the district court erred in
determining the amount of loss which established his base offense
level.  He contends that the court erred by measuring the loss
from the total amount of bogus checks deposited into the various
bank accounts, and he alternatively argues, for the first time on
appeal, that the amount of loss should be determined using the
total-deposits figure qualified by application of U.S.S.G.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 2X1.1, the guideline for attempt offenses.

We have carefully reviewed the arguments and the appellate record. We conclude that the district court did not err in measuring the amount of loss based on the total of the bogus checks. See United States v. Sowels, 998 F.2d 249, 250-52 (5th Cir. 1993); United States v. Wimbish, 980 F.2d 312, 314-16 (5th Cir. 1992). Because Eubanks and his codefendants completed the necessary acts for all of the offense, plain error did not ensue from the failure to utilize § 2X1.1. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

AFFIRMED.